IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | |
|---|---|
| BYRON WAYNE AABERGE, | Cause No. CV 12-85-GF-SEH-RKS |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondent. | |

_____

On October 18, 2012, the Court received from Montana's Seventeenth Judicial District Court, Valley County, a form petition under 28 U.S.C. § 2254. The form was completed and submitted to the state court by Byron Wayne Aaberge.

Mr. Aaberge was charged in Glasgow City Court with partner/family member assault and driving under the influence. He pled no contest to the DUI charge and not guilty to the assault charge. He was found guilty of the assault and, on August 15, 2012, he was sentenced to serve 365 days in jail. Pet. (doc. 1) at 2-3 ¶¶ 1-5.

Mr. Aaberge alleges two claims for relief. First, he says, "I asked to have an

attorney represent me a few days before court refused to have a - continues on court date." *Id.* at 4 ¶ 13A (sic). Second, Mr. Aaberge states that the victim of the assault offense testified that she was not afraid of him, "did not think he bumped into her car on purpose," and did not "feel that I assaulted her in any way." *Id.* at 5 ¶ 13B.

In response to the preprinted form's query regarding appeal, Mr. Aaberge states, "When I tried to I was told it had been to many days. They told me I had only 7 days to do it in and was 14 days later." *Id.* at 4 ¶ 11 (sic); *see also* Mont. Code Ann. § 46-17-311(1) (2011) (authorizing appeal from city court to state district court). The form's query specifically addresses appeal from a trial court's denial of postconviction relief. But it is clear, nonetheless, that Mr. Aaberge has not completed "one round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although Mr. Aaberge's filing seems to suggest an appeal would be time-barred, Mont. Code Ann. § 46-17-311(2), state law provides an avenue for relief: he may "petition the [state] district court to order the record transmitted [by] showing . . . good cause for failure to timely file the notice of appeal." *Id.* § -311(3).[1] Because Mr. Aaberge may petition the state district court to reopen his time for appeal, his

---

[1] Possibly this is what Mr. Aaberge was doing when he submitted the "petition" to the state district court.

claims for federal habeas relief is not and cannot be deemed "exhausted." *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002) (explaining distinction between doctrines of exhaustion and procedural default). In other words, because Mr. Aaberge *can*, he *must* give the state courts, including the state district court and the Montana Supreme Court, an opportunity to consider his claims before he may ask this Court to consider them. *See, e.g.*, 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. Mr. Aaberge's claim that he was not represented by counsel meets the low threshold of 28 U.S.C. § 2253(c)(2). *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). But there is no doubt that Mr. Aaberge must exhaust his remedies in state court by invoking "one complete round of the State's established appellate review process." *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack*, 529 U.S. at 484). A COA is not warranted.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition (doc. 1) should be DISMISSED for failure to exhaust state remedies.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Aaberge may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mr. Aaberge files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Aaberge from relying on that fact or argument at a later stage of the proceeding. A federal district judge will make a de novo determination of those portions of the

Findings and Recommendation to which objection is made. The federal district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the federal district judge and/or waive the right to appeal.

<u>Mr. Aaberge must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of this case without notice to him.

DATED this 25th day of October, 2012.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge